UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JASPER DANIELS,

                                     Plaintiff,

    -against-

DETECTIVE SAMUEL LALLAVE, SHIELD
NO. 3824, DETECTIVE EDWARD SINCLAIR,
SHIELD NO. 5116, SERGEANT ROBERT
MALONEY, DETECTIVE WARREN ROHAN,
DETECTIVE RAHMAN, DETECTIVE
CHICHOTKY FROM THE 77TH PRECINCT,

                                  Defendants.
------------------------------------------------------------------X

*COMPLAINT AND*
*JURY DEMAND*


Docket No.
1:14-cv-6510


ECF CASE

      Plaintiff Jasper Daniels, by his attorney Cary London, of London Indusi, LLP, for his

complaint against defendant New York Police Department Officers alleges as follows:

### PRELIMINARY STATEMENT:

      1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth, Fifth, Sixth and

Fourteenth Amendments of the United States Constitution.

      2. The claim arises from an April 19, 2013 incident in which defendants, acting under

color of state law, approached Mr. Daniel's as he was walking down the street in front of 1333

Park Place in Brooklyn, NY, threw him up against a wall, and arrested Mr. Daniel's for

absolutely no reason. Mr. Daniels spent approximately 26 hours unlawfully in police custody. He

was acquitted at a jury trial in June 2014, after appearing in court approximately 15 times.

      3. Plaintiff seeks monetary damages (special, compensatory and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York. Plaintiff works for a moving company called About Time Relocations.

8. Defendants, Detective Lallave, Sergeant Maloney, Detective Sinclair, Detective Rahman, Detective Rohan, Detective Chichotky, were, at all times here relevant, a police officer of the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Lallave, Defendant Maloney, Defendant Sinclair, Defendant Rahman, Defendant Rohan, and Defendant Chichotky, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Lallave, Defendant Maloney, Defendant Sinclair, Defendant Rahman, Defendant Rohan, and Defendant Chichotky were under the

2

command of the 77th precinct on the date of the incident.

11. While an officer at the 77th precinct, Defendant Lallave, Defendant Maloney, Defendant Sinclair, Defendant Rahman, Defendant Rohan, and Defendant Chichotky's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Lallave, Defendant Maloney, Defendant Sinclair, Defendant Rahman, Defendant Rohan, and Defendant Chichotky, were under the command of the 77th precinct and is sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On April 19, 2013, at approximately 8:15 a.m., Mr. Daniels was walking down the street in front of 1333 Park Place in Brooklyn, New York.

15. Mr. Daniels was not committing any crimes or acting unlawfully.

16. Defendant Lallave and Defendant Maloney approached Mr. Daniels and violently threw him up against a wall in front of a building at 1333 Park Place.

17. Defendant Lallave and Defendant Maloney then searched Mr. Daniel's person without permission or authority.

18. Defendant Lallave and Defendant Maloney then, acting in concert, unlawfully handcuffed Mr. Daniels in an excessively tight manner causing marks on plaintiff's wrists.

19. Defendant Sinclair, Detective Rahman, Detective Rohan, and Detective Chichotky then approached Mr. Daniels.

20. While all six Defendant Officers were present, and Mr. Daniel's was unlawfully

handcuffed, Mr. Daniel's was then searched by several Defendant Officers.

21.  The unlawful search did not yield any contraband of any sort.

22. Defendant Lallave and Defendant Maloney, or Defendant Sinclair and Defendant Rahman, then threw Mr. Daniels into a marked vehicle and drove him to the 77th Precinct, ignoring his requests to loosen the cuffs.

23. There was no probable cause to arrest Mr. Daniel's.

24. Plaintiff was then taken to central booking to await arraignment.

25. While Plaintiff was in central booking, Defendant Lallave and Defendant Maloney, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Fifth Degree, Criminal Possession of a Controlled Substance in the Seventh Degree.

26. Mr. Daniels did not possess or sell heroin or engage in any other criminal conduct on April 19, 2013.

27. Mr. Daniels was arraigned on those charges.

28. Mr. Daniels spent approximately 30 hours unlawfully in police custody.

29. At arraignments, the Honorable Judge Parker released Mr. Daniels on his own recognizance, and the matter was adjourned for grand jury action.

30. As the arresting officer, Defendant Lallave prepared the police reports relating to Mr. Daniel's arrest.

31. The police reports Defendant Lallave prepared were untruthful and prepared with malice.

4

32. As the supervising officer, Defendant Maloney signed off on the untruthful reports relating to Mr. Daniel's arrest.

33. In preparing those reports, Defendant Lallave repeatedly falsified information relating to the facts and circumstances surrounding Mr. Daniel's arrest, including a false claim that he had recovered one glassine of heroin from Mr. Daniel's wallet.

34. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

35. On information and belief, Defendant Lallave, Defendant Maloney, Defendant Sinclair, Defendant Rahman, Defendant Rohan, and Defendant Chichotky spoke to one or more prosecutors at the Kings County District Attorney's office and falsely informed them that Mr. Daniel's was engaged in the sale of narcotics and that narcotics were found on his person.

36. On or about June 6, 2013, Mr. Daniels was indicted by a grand jury sitting in Kings County.

37. After Mr. Daniels went back and forth to court approximately 15 times over 14 months, Mr. Daniels was found not guilty of all charges by a Jury in June 2014.

38. Notwithstanding the fact that Mr. Daniel's was acquitted of the charges against him, both the identification of Mr. Daniel's as a person involved in the sale of narcotics and the allegation that one glassine of heroin was found on him would be likely to influence a trial jury's decision to convict him.

39. Defendant Lallave, Defendant Maloney, Defendant Sinclair, Defendant Rahman, Defendant Rohan, and Defendant Chichotky repeatedly gave perjurious and misleading testimony before the grand jury, the pre-trial hearing, and the trial jury that ultimately acquitted him.

5

40. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

41. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

<u>DAMAGES</u>

42. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b) Violation of his rights pursuant to the Fifth Amendment of the United States Constitution the right to a fair trial;

c) Violation of his rights pursuant to the Sixth Amendment of the United States Constitution the right to a fair trial;

d) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

e) Physical pain and suffering;

f) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

6

g) Loss of liberty;

h) Loss of wages;

## FIRST CAUSE OF ACTION
Defendants Falsely Arrested and Falsely Imprisoned Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference.

44. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

45. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

46. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

47. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

48. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

49. All of this occurred without any illegal conduct by plaintiff.

50. Plaintiff was found not guilty of all charges by a Jury in June 2014.

51. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

52. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and

with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

53. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

54. The preceding paragraphs are here incorporated by reference.

55. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

56. Defendants did not have probable cause to initiate proceeding.

57. The criminal proceedings were terminate in plaintiff's favor.

58. Plaintiff was found not guilty of all charges by a Jury in June 2014.

59. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## THIRD CAUSE OF ACTION
Denial of Right to a Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference.

61. By providing false information and/or evidence to the King's County District Attorney's office that was likely to influence a jury's decision, the Defendants engaged under color of law in the violation of Plaintiff's right to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. §1983 Against Individual Defendants

8

62. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

63. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

A.      In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.      Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

D.      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to  28 U.S.C. § 1988; and

E.      Granting such other and further relief as this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: November 4, 2014
        Brooklyn, New York

                                        Respectfully submitted,

                                        /s/ Cary London
                                        **Cary London, Esq.**

9

Bar Number: CL2947
Attorney for Mr. Daniels
**London Indusi LLP**
186 Joralemon Street Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718)-247-9391 – Fax
Cary@londonindusi.com